IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LYDIA COURTNEY-POPE,
    *Plaintiff*,

v.

BOARD OF EDUCATION OF
CARROLL COUNTY,
    *Defendant*.

Civil Action No. ELH-16-4055

**MEMORANDUM OPINION**

Plaintiff Lydia Courtney-Pope, a school teacher, filed suit on December 21, 2016, against defendant Board of Education of Carroll County (the "Board"), her former employer. ECF 1 (Complaint). Plaintiff, who is self-represented, alleges violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"); the Maryland Fair Employment Practices Act ("FEPA"), Md. Code (2014 Repl. Vol., 2017 Supp.), § 20-606 of the State Government Article ("S.G."); and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"). ECF 1. Jurisdiction is predicated on 28 U.S.C. § 1331, on the basis of federal questions. ECF 1, ¶ 7.

In particular, plaintiff alleges that defendant failed to make reasonable accommodations for plaintiff's disability (Counts One and Two, under federal and state law); discriminated against her on the basis of her disability (Counts Three and Four, under federal and state law); interfered with her medical leave (Count Five, under federal law); and retaliated against her for taking medical leave (Count Six, under federal law). ECF 1, at 18-33.

Defendant has filed a combined motion to dismiss as to Count Two of plaintiff's Complaint, for failure to state a claim, and a pre-discovery motion for summary judgment with respect to the remaining counts. ECF 6. The motions are supported by a memorandum (ECF 6-

1) (collectively, the "Motions") and 29 exhibits. Plaintiff opposes the Motions. ECF 9 ("Opposition"). Defendant replied. ECF 10 ("Reply").

Without seeking leave of Court, plaintiff filed a surreply. ECF 11. Defendant moved to strike the surreply. ECF 12 ("Motion to Strike"). Nearly three months later, plaintiff filed a "supplemental surreply request" (ECF 14, "Motion for Supplemental Surreply"), with lengthy exhibits. Defendant moved to strike this surreply, as well. ECF 16 ("Second Motion to Strike").

No hearing is necessary to resolve the pending motions. *See* Local Rule 105.6. For the reasons that follow, I shall grant the motion to dismiss Count Two; deny the motion for summary judgment, as premature; deny the Motion to Strike; deny the Motion for Supplemental Surreply; and deny, as moot, the Second Motion to Strike.

## I. Factual Background[1]

Plaintiff alleges that from 2005 to 2014, she was a dance and chorus teacher at South Carroll High School ("SCHS" or the "School") in Carroll County, Maryland. ECF 1, ¶ 1. For the first nine years of her employment, from 2005 through August 2014, plaintiff asserts that she "met or exceeded her employment expectations and never received a complaint concerning her work performance, teaching style, or interactions with SCHS' faculty, staff, or parents." *Id.* ¶ 14.

In the summer of 2014, plaintiff states that she was diagnosed with post-traumatic stress disorder ("PTSD"), which constitutes a disability within the meaning of the ADA. *Id.* ¶¶ 20-24. At the beginning of the 2014 school year, plaintiff informed two of her supervisors of her diagnosis and requested several accommodations. *Id.* 25-26. Plaintiff mentions three such accommodations that she requested, and she does not allege that any of those requests were denied. *Id.* ¶ 26. However, plaintiff asserts that defendant's employees were "cold, insensitive,

---

[1] The factual allegations are derived from the Complaint (ECF 1), with additional background drawn from the exhibits attached to the Motions. ECF 6.

and callous," and she complains that they never "engage[d] her in an interactive process to [] discuss her disability . . . and how SCHS could accommodate" her. *Id.* ¶¶ 32-33.

In September 2014, plaintiff requested twelve weeks of intermittent FMLA leave, and her request was granted. *Id.* ¶¶ 42, 44. But, plaintiff contends that she was mistreated as a result of using her FMLA leave. For example, plaintiff claims that on several occasions she only used 45 minutes of leave, yet her salary was docked for half a day. *Id.* ¶¶ 49, 90, 91. Plaintiff also asserts that she was treated worse than other employees with comparable disabilities who needed comparable accommodations but did not use FMLA leave. *Id.* ¶¶ 52-56. And, according to plaintiff, she was instructed to prepare ten extra lesson plans for the days for which she took leave, although other teachers were not required to do so. *Id.* ¶¶ 71-73.

Further, plaintiff alleges that the Board deterred her from using FMLA leave. *Id.* ¶¶ 84-87. She continued to use intermittent leave, but plaintiff states that on December 19, 2014, she was told that she must either resign or be fired. *Id.* ¶ 94. On December 22, 2014, plaintiff claims she was "let go immediately," and the next day her benefits were cancelled. *Id.* ¶¶ 95-96.

After plaintiff was removed from the School, a hearing was held before the Board, pursuant to Md. Code (2014 Repl. Vol., 2017 Supp.), § 6-202(a)(3) of the Education Article ("Educ."). *See* ECF 10 at 8; ECF 6-5 (transcript of termination hearing). After the hearing in March 2015, the hearing examiner recommended plaintiff's termination. ECF 6-26 at 53. In August 2015, the Board agreed with the hearing examiner's decision. ECF 6-27 at 10.[2]

Plaintiff filed a charge of discrimination with the Maryland Commission on Civil Rights ("MCCR") on February 3, 2015, and amended it on April 20, 2015. ECF 6-25. The charge was also filed with the Equal Employment Opportunity Commission ("EEOC"). *See* ECF 6-30. On

---

[2] Exhibits submitted by the Board suggest that plaintiff's employment was not formally terminated until August 12, 2015. *See* ECF 6-27 at 10.

August 11, 2016, the MCCR issued a finding of "No Probable Cause to believe that [defendant] discriminated against [plaintiff] because of her . . . disability." ECF 6-29 at 12. On October 26, 2016, the EEOC adopted the findings of the MCCR and closed its file on the charge. ECF 6-30 at 1. This suit followed on December 21, 2016. ECF 1.

## II.    Surreplies and Motions to Strike

Following the briefing of the Motions, plaintiff filed a surreply. ECF 11. However, she did not seek leave of court, as required by Local Rule 105.2(a). Defendant filed a Motion to Strike, citing Local Rule 105.2(a). ECF 12. Plaintiff did not respond to the Motion to Strike.

About three months later, plaintiff filed a "Supplemental Surreply Request in Response to Defense's Memorandum to Reply to Plaintiffs' [*sic*] Opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment." ECF 14. The contents of that filing are largely unrelated to the earlier briefs concerning defendant's Motions. Plaintiff also submitted a binder of exhibits, including affidavits of several former Carroll County teachers concerning their experiences in the Carroll County schools and with plaintiff.[3] Plaintiff states that the binder constitutes her "informal discovery" and "unassailably prove[s] the need for formal discovery by Plaintiff." *Id.* at 2. Defendant moved to strike the supplemental surreply. ECF 16. Plaintiff did not respond.

Local Rule 105.2(a) provides that a party is not permitted to file a surreply without permission of the court. The filing of a surreply "is within the Court's discretion, *see* Local Rule 105.2(a), but they are generally disfavored." *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part*, 778 F.3d 463 (4th Cir. 2015); *see also, e.g.*, *Chubb & Son v. C & C Complete Servs., LLC,* 919 F. Supp. 2d 666, 679 (D. Md. 2013). A surreply may be permitted

---

[3] The binder of exhibits, which is lengthy, was not electronically posted.

when the party seeking to file the surreply "would be unable to contest matters presented to the court for the first time" in the opposing party's reply. *Clear Channel Outdoor, Inc. v. Mayor & City Council of Baltimore*, 22 F. Supp. 3d 519, 529 (D. Md. 2014) (quotations and citations omitted). However, a surreply is not generally permitted where the reply is merely responsive to an issue raised in the opposition. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 605-06 (D. Md. 2003).

It is clear that plaintiff did not follow Local Rule 105.2(a). She did not seek leave to file her first surreply, and although the second surreply is styled as a "Supplemental Surreply Request," the body of that filing appears to be the surreply itself. However, plaintiff is *pro se*, and "a document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (citation omitted); *see also Macena v. U.S. Citizenship & Immigration Servs.*, TDC-14-3464, 2015 WL 6738923, at *1 (D. Md. Nov. 2, 2015). For this reason, I shall construe plaintiff's surreplies as motions for leave to file a surreply, and I shall consider them accordingly.

Plaintiff's first surreply appears to respond to new arguments raised in defendant's Reply. ECF 11 at 6-7. In particular, the Board argued extensively in its Reply that summary judgment prior to discovery was appropriate because plaintiff had an opportunity for discovery during her termination hearing. ECF 10 at 8-14. Although defendant likely raised this argument in response to plaintiff's contention in her Opposition that summary judgment was premature (ECF 9 at 20), plaintiff should be permitted to challenge defendant's assertions as to the prior opportunity for discovery. Therefore, I shall consider plaintiff's first surreply. *See* ECF 11. As a result, I shall deny defendant's Motion to Strike. *See* ECF 12.

However, plaintiff's Supplemental Surreply is not responsive to any new arguments raised in defendant's Reply. Therefore, I shall deny leave for plaintiff to file a supplemental surreply. Accordingly, I shall deny, as moot, defendant's Second Motion to Strike. *See* ECF 16.

### III. Motion to Dismiss

#### A. Legal Standard

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant moves to dismiss Count Two of plaintiff's Complaint, alleging failure to make reasonable accommodations under the Maryland FEPA. ECF 6-1 at 24. According to the Board, plaintiff has failed to state a claim for relief.

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading

standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual

allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

In general, courts do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The purpose of the rule is to ensure that defendants are "given adequate notice of the nature of a claim" made against them. *Twombly*, 550 U.S. at 555-56 (2007). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.*'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman* ).

## B. Discussion

Count Two alleges that defendant failed to provide reasonable accommodations, in violation of S.G. § 20-606(a)(4), part of the FEPA. ECF 1 at 22. Under Maryland law, to establish a prima facie case for a failure to accommodate claim, "an employee must show: (1) that he or she was an individual with a disability; (2) that the employer had notice of his or her disability; (3) that with reasonable accommodation, he or she could perform the essential

functions of the position . . . ; and (4) that the employer failed to make such accommodations." *Peninsula Reg'l Med. Ctr. v. Adkins*, 448 Md. 197, 213, 137 A.3d 211, 220 (2016) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts,* 780 F.3d 562, 579 (4th Cir. 2015).

Defendant asserts that Count Two is time-barred, because it was filed on December 21, 2016, more than two years after the alleged violations took place. *Id.* at 24-26. S.G. § 20-1013(a) provides for a cause of action under the FEPA, but it requires that "the civil action [be] filed within 2 years after the alleged unlawful employment practice occurred." S.G. § 20-1013(a)(3). Because plaintiff filed her suit in this Court on December 21, 2016, defendant asserts that any claim based on failure to make reasonable accommodations is time barred if the conduct occurred prior to December 21, 2014. ECF 6-1 at 25-26. According to defendant, plaintiff does not allege that any requested accommodations were denied after December 21, 2014, and therefore plaintiff has not stated a claim on which relief can be granted. *Id.* at 26.

Plaintiff disagrees. She asserts that the notice of her termination on December 22, 2014, and the cancellation of her benefits on December 23, 2014, constitute failures to accommodate her disability. ECF 9 at 18-19. Further, she contends that the list of accommodations she requested, as noted in her Complaint, should not be read to be exhaustive. *Id.* at 19. Plaintiff alleged: "*Among* the accommodations Plaintiff requested included her ability to (1) leave at the end of the day . . . ; (2) walk or run on the School's track during her preparation periods . . . ; and (3) take leave when needed . . . to attend therapy . . . ." ECF 1, ¶ 134 (emphasis added). Moreover, she suggests that "discovery will uncover additional documentation to show that accommodation requests were ignored and/or were not met." ECF 9 at 19 (emphasis omitted).

As currently pleaded, plaintiff does not allege any failure by the Board to make reasonable accommodations after December 21, 2014. Plaintiff's termination does not, on its

own, constitute a violation of S.G. § 20-606(a)(4). Although the termination of plaintiff's benefits may give rise to another cause of action under S.G. § 20-606, it is not a failure to make a reasonable accommodation. And, if plaintiff was refused other reasonable accommodations, not specifically mentioned in her Complaint, she has not given defendant fair notice of the grounds for her entitlement to relief, as required by Fed. R. Civ. P. 8(a)(2). *See Twombly*, 550 U.S. at 555-56.

Therefore, I shall grant the motion to dismiss as to Count Two, without prejudice. Plaintiff may move to amend her Complaint by February 12, 2018, and the proposed amended complaint must include, with particularity, facts supporting the claim that, after December 21, 2014, defendant allegedly failed to provide reasonable accommodations under FEPA.

### IV. Motion for Summary Judgment

#### A. Legal Standard

Defendant has moved for summary judgment as to Counts One, Three, Four, Five, and Six of plaintiff's Complaint, pursuant to Fed. R. Civ P. 56. ECF 6-1 at 3.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *see also Iraq Middle Mkt. Dev. Found. v. Harmoosh*, 848 F.3d 235, 238 (4th Cir. 2017) ("A court can grant summary judgment only if, viewing the evidence in the light most favorable to the non-moving party, the case presents no genuine issues of material fact and the moving party demonstrates entitlement to judgment as a matter of law."). The nonmoving party must demonstrate that there are disputes of material fact so as to preclude the award of summary

judgment as a matter of law. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

The Supreme Court has clarified that not every factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Sharif v. United Airlines, Inc.*, 841 F.3d 199, 204 (4th Cir. 2016); *Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [its] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)), *cert. denied*, 514 U.S. 1042 (2004); *see also Celotex*, 477 U.S. at 322-24. Moreover, in resolving a summary judgment motion, a court must view all of the facts, including reasonable inferences to be drawn from them, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd.*, 475 U.S. at 587; *accord Roland v. United States Citizenship & Immigration Servs.*, 850 F.3d 625, 628 (4th Cir. 2017); *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013). However, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252. And, "the mere existence of a scintilla of evidence in support

of the [movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [movant]." *Id.*

The judge's "function" in reviewing a motion for summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *accord Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 216 (4th Cir 2016). Thus, in considering a summary judgment motion, the court may not make credibility determinations. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007). Moreover, in the face of conflicting evidence, such as competing affidavits, summary judgment ordinarily is not appropriate because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).

### B. Discussion

The Board has submitted numerous exhibits to its motion for summary judgment. *See* ECF 6-2 (Exhibit Index). However, as a threshold matter, I must determine whether summary judgment is appropriate at this stage of litigation. No discovery has taken place, and defendant has not yet filed an answer to the Complaint. *See* Docket. Moreover, plaintiff's Opposition to the motion for summary judgment is based entirely on the contention that summary judgment is premature. *See* ECF 9 at 20.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E. I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d at 448. In that circumstance, however, "the party opposing summary judgment 'cannot

complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)).

To raise adequately the issue that discovery is needed prior to summary judgment, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition" without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)). And, "to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995) (citation omitted). A district court's 56(d) ruling is reviewed for an abuse of discretion. *Harrods*, 302 F.3d at 244 (citation omitted).

Of relevance here, a nonmovant's Rule 56 request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x 274 (4th Cir. 2008), *cert. denied*, 555 U.S. 885 (2008). Moreover, denial of additional discovery is appropriate when the materials sought by the requesting party could have been discovered earlier, including in the course of administrative discovery. *See Volochayev v. Sebelius*, 513 F. App'x 348, 351-52 (4th Cir. 2013); *see also Newsom v. Barnhart*, 116 F. App'x 429, 432 (4th Cir. 2004) (affirming district court's denial of discovery request, "[g]iven the breadth of the administrative record"); *Khoury v. Meserve*, 268 F.

Supp. 2d 600, 612 (D. Md. 2003) (determining that summary judgment was not premature because a "full and detailed factual record" had already been created).

Here, plaintiff has filed a Rule 56(d) affidavit. ECF 9-1. In it, she requests discovery, including "files which came from [her] computer" and "conversations and emails between administrators," which she previously possessed but to which she no longer has access. *Id.* ¶¶ 8, 9, 12. She claims these items will show, *inter alia*, "the disparity" between her "treatments [*sic*] because of [her] disability to that of teachers with no disability, or more tangible disabilities." *Id.* ¶ 10. And, as noted, in plaintiff's Opposition (though not listed in her affidavit), plaintiff suggests that "discovery will uncover additional documentation to show that accommodation requests were ignored and/or were not met, including the abrupt suspension of benefits." ECF 9 at 19.

Defendant contends that plaintiff's affidavit "lacks the specificity required by Rule 56(d)." ECF 10 at 14. To be sure, plaintiff's affidavit is vague.[4] But, construing it liberally, as I must for a self-represented plaintiff, I find that it adequately states reasons why discovery is necessary: Plaintiff anticipates discovery of evidence that teachers such as herself, with less "tangible" disabilities, were treated worse than other teachers, and that this disparity led to plaintiff's termination. Moreover, as plaintiff points out in her surreply, plaintiff is not requesting "additional discovery." ECF 11 at 6. Rather, plaintiff has not had *any* opportunity for discovery in this case. *Id.*

In *McCray v. Maryland Dep't of Transp.,* 741 F.3d 480, 483 (4th Cir. 2014), the Fourth Circuit determined, *inter alia,* that the district court abused its discretion in dismissing an action before the plaintiff had an opportunity to conduct discovery in connection with a Rule 56(d)

---

[4] Plaintiff supplemented her Rule 56(d) affidavit in her proposed Supplemental Surreply, at Exhibit 1. It was provided to the Court but not posted to the electronic docket.

motion. *Id.* at 483. The *McCray* Court noted, *id.*: "Summary judgment before discovery forces the non-moving party into a fencing match without a sword or mask." The Court reasoned, *id*. at 484 (internal citations omitted) (emphasis added):

> Non-movants must generally file an affidavit or declaration before they can succeed on a 56(d) motion, or if not, non-movants must put the district court on notice as to which specific facts are yet to be discovered. In this case, McCray filed such a declaration and identified the material she needed to discover…. *Similarly, nonmovants do not qualify for Rule 56(d) protection where they had the opportunity to discover evidence but chose not to*. There is no indication that McCray's inability to gather evidence was due to her own delay. In sum, . . . McCray's 56(d) motion should be granted.

*See also Harrods*, 302 F.3d at 246 (noting that nonmovant was entitled to 56(d) protection in part because it "was not dilatory in pursuing discovery").

Defendant's main argument against allowing plaintiff an opportunity for discovery is that "Plaintiff had ample opportunity to obtain the discovery she now seeks during the administrative proceedings below [provided for by Educ. § 6-202] but chose not to pursue it." ECF 10 at 13. At the hearing following plaintiff's notice of termination, defendant asserts, "Plaintiff invoked her right to a full evidentiary hearing before the Board . . . . Prior to that hearing, Plaintiff's attorney filed a request for documents on Plaintiff's behalf . . . which the Superintendent responded to prior to the commencement of her hearing." *Id.* at 8. Defendant emphasizes that "approximately twenty (20) witnesses, including Plaintiff, testified under oath, and approximately sixty (60) exhibits were entered into evidence." *Id.*

Moreover, defendant contends that plaintiff "had an opportunity to conduct *additional* extensive discovery" had she chosen to appeal her termination to the Maryland State Board of Education. *Id.* at 9. Because plaintiff chose not to appeal, defendant asserts, she "waived her right to access the discovery mechanism that was then available to her. She cannot now

complain that she needs discovery in order to oppose the Board's motion in this Court." *Id.* at 10 (citations omitted).

In support of this argument, defendant cites (and quotes extensively from) this Court's opinion in *Mackall v. Colvin*, ELH-12-1153, 2015 WL 412922 (D. Md. Jan. 29, 2015). In that case, I granted summary judgment to the defendant even though the plaintiff had not conducted discovery in the case, because the plaintiff had ample opportunity for discovery during administrative proceedings before the EEOC on the same discrimination claims. *Id.* at *12-13. I compared the *Mackall* case to a case assigned to Judge Blake, *Kowalewski v. Gates*, CCB-12-3288, 2014 WL 1212972 (D. Md. Mar. 24, 2014), in which a plaintiff was similarly denied discovery because he could have obtained all the information he sought during the earlier EEOC proceedings. *Kowalewski*, 2014 WL 1212972 at *7-8.

Defendant's argument based on *Mackall* and *Kowalewski* overlooks an important factual distinction, which plaintiff astutely points out in her surreply: Although plaintiff was entitled to obtain documents and question witnesses at her Educ. § 6-202 hearing, that hearing was focused on the grounds for her *termination*, and not on her claims of *employment discrimination*. *See* ECF 11 at 7. At the hearing, the issue was whether defendant's decision to discharge plaintiff was justified on the basis of misconduct, incompetence, and willful neglect of duty, under Educ. § 6-202(a)(1). *See* ECF 6-1 at 19. In contrast, this Court is now presented with the issue of whether defendant violated state and federal law by discriminating against plaintiff on the basis of her disability and interfering with the exercise of her rights. *See* ECF 1.[5] These separate proceedings require plaintiff to prove different elements, and likely call for different discovery strategies. For example, in the termination hearing, plaintiff would have little reason to seek

---

[5] It does not appear that either the MCCR or the EEOC held a formal hearing. *See* ECF 6-29; ECF 6-30.

extensive discovery on defendant's treatment of other teachers, since that issue did not bear directly on the question of whether plaintiff's termination was justified.

The circumstances here are more similar to *McCray* than to *Mackall*. Plaintiff should not be precluded from conducting discovery in this case simply because she had opportunities to conduct different discovery in a different matter.

Defendant next argues in its Reply that summary judgment is not premature because even if plaintiff were granted discovery, she would be unable to create a genuine issue of material fact. ECF 10 at 14. But, because plaintiff has had no opportunity for discovery, I cannot conclude as a matter of law that the evidence defendant offers constitutes the full story. At least with respect to plaintiff's discrimination and FMLA claims, it seems entirely plausible that, with adequate discovery, plaintiff could raise a triable issue of material fact.

As for Count One, plaintiff's claim that defendant failed to make reasonable accommodations under the ADA, it is true that plaintiff did not identify in her Complaint any specific accommodation that she requested and was denied. Defendant has not filed a 12(b)(6) motion to dismiss Count One, but rather a Rule 56 motion for summary judgment. Some courts, including the Fourth Circuit, have suggested that a motion for summary judgment made on the basis of the pleadings may be considered as a motion to dismiss. *See, e.g.*, *Blakely v. Wards*, 738 F.3d 607, 615 n.5 (4th Cir. 2013), *as amended* (Oct. 22, 2013) (citing 10A Wright & Miller, *Federal Practice & Procedure* § 2713 (3d ed. 2013)). However, defendant's motion for judgment on Count One rests on defendant's argument that "the undisputed facts demonstrate that Plaintiff received every accommodation she requested." ECF 6-1 at 27. According to plaintiff, the facts are not undisputed (ECF 9 at 4), and the fact that plaintiff has not produced contrary evidence prior to discovery does not mean that such contrary evidence does not exist.

Therefore, I shall deny defendant's motion for summary judgment as premature, without prejudice to its right to renew the motion at a later time.

## V. Conclusion

For the reasons stated above, I shall DENY defendant's Motion to Strike plaintiff's surreply (ECF 12); DENY plaintiff's Motion for a Supplemental Surreply (ECF 14); DENY, as moot, defendant's Second Motion to Strike, as to plaintiff's supplemental surreply (ECF 16); GRANT defendant's motion to dismiss Count Two, without prejudice; and DENY, as premature, defendant's motion for summary judgment as to Counts One, Three, Four, Five, and Six.

An Order follows, consistent with this Memorandum Opinion.

Date: January 19, 2018

/s/
Ellen Lipton Hollander
United States District Judge