UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

September 28, 2018

Lydia Courtney-Pope
Pro Se
6712 Ridge Rd.
Marriottsville, MD 21104

Lisa Y. Settles, Esq.
Edmund J. O'Meally, Esq.
Andrew G. Scott, Esq.
Pessin Katz Law, P.A.
901 Dulaney Valley Rd., Ste. 500
Towson, MD 21204

Subject: <u>Courtney-Pope v. Board of Education of Carroll County</u>
Civil No.: ELH-16-4055

Dear Counsel:

Currently pending are Plaintiff's Motion for Sanctions for Harassment of Witness/Tampering with Witnesses ("Motion for Sanctions") (ECF No. 26) and related pleadings (ECF Nos. 27, 28), as well as Defendant's Motion to Strike Supplemental Materials Submitted with Plaintiff's Reply Memorandum in Support of Motion for Sanctions ("Motion to Strike") (ECF No. 31) and related pleadings (ECF Nos. 32, 33). For the reasons stated below, both motions are denied.

## I. **Defendant's Motion to Strike Supplemental Materials**

On May 7, 2018, defendant filed the Motion to Strike and requested an order striking the addendum and exhibits (ECF Nos. 29, 29-2) submitted by plaintiff with her reply memorandum in support of the Motion for Sanctions. (ECF No. 31 at 1). Defendant argues that striking the materials is warranted under Federal Rule of Civil Procedure 12(f), which allows a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." (ECF No. 31 at 2). Defendant argues that these materials are inappropriate and unrelated to the issue central to the motion, whether defendant should be sanctioned. (ECF No. 31 at 3). In response, plaintiff argues that the documents are relevant, as they provide support for the need for sanctions by illustrating a history of retaliation and harassment in Carroll County. (ECF No. 32 at 4). Defendant replies that the addendum includes only speculative statements of fear of retaliation, but no evidence that harassment or retaliation actually occurred. (ECF No. 33 at 3). Although the addendum does not provide any direct evidence in support of plaintiff's motion for sanctions, defendant has not met its burden of showing that the addendum contains "redundant, immaterial, impertinent, or scandalous" material. As noted by defendant, "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy . . . .'" <u>Waste Mgmt. Holdings, Inc. v. Gilmore</u>, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380, 647 (2d ed. 1990)). Accordingly, defendant's motion is denied, and the supplemental materials will be considered with the other pleadings.

## II.  Plaintiff's Motion for Sanctions

On April 12, 2018, plaintiff filed the Motion for Sanctions alleging that defendant was engaging in retaliatory action against teacher Leroy Sheurholz after he provided an affidavit on plaintiff's behalf.  (ECF No. 26 at 1).  Plaintiff alleges that after Mr. Sheurholz provided this affidavit, defendant attempted to terminate Mr. Sheurholz and treated him differently than other employees.  (ECF No. 26 at 1–6).  Plaintiff also alleges that another affidavit witness, Elizabeth Payne, took a teaching position in a different district in fear of retaliation, and that two additional witnesses will no longer return her phone calls.  (ECF No. 26 at 6).  Defendant categorically denies these allegations and argues that there is no causal link between Mr. Sheurholz's participation in the case and defendant's actions.  (ECF No. 27 at 1, 6).

Plaintiff seeks sanctions against the defendant pursuant to 18 U.S.C. § 1512, tampering with a witness victim or an informant.  (ECF No. 26 at 7).  As noted by defendant, 18 U.S.C. § 1512 is a criminal statute and inapplicable in this civil case.  (ECF No. 27 at 4).  Plaintiff also seeks reinstatement of Mr. Sheurholz pursuant to Md. Code. Ann. § 10-222(b)(3)(iii) and the Federal Whistleblower Protection Act of 1989, 5 U.S.C. § 1213, *et seq.*, (ECF No. 27 at 7–8), but does not allege that he has been terminated or forced to resign.  Finally, plaintiff seeks sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) for defendant's alleged failure to obey a discovery order, 28 U.S.C. § 1927 for defense counsel's alleged liability for excessive costs, and the inherent power of the court to levy sanctions.  (ECF No. 26 at 8–10).

On April 20, 2018, plaintiff filed an addendum and exhibits in support of her motion for sanctions along with her reply to defendant's opposition.  (ECF Nos. 29, 29-2).  Plaintiff provides witness affidavits that detail a fear of retaliation from defendant from participating in the case, but does not provide any evidence of actual retaliation by defendant.  With regard to Mr. Sheurholz, the only support that plaintiff offers for of her claim of retaliation is her allegation that there was a meeting on April 16, 2018, between Principal Brilhart and Mr. Sheurholz, who was represented by union representative Ms. Yaegley, that turned hostile.  (ECF No. 29 at 1–2).  She claimed that when Ms. Yaegley requested that Principal Brilhart discontinue his hostile communication style, he pushed paperwork from this case across the desk towards her and stated "I guess you know all about this court case then?"  (ECF No. 29 at 2).  This incident alone is insufficient to support plaintiff's claims and request for sanctions.  Accordingly, plaintiff's motion for sanctions is denied.

Notwithstanding the informal nature of this letter, it is an Order of the court and will be docketed accordingly.

                                              Very truly yours,

                                              /s/

                                              Beth P. Gesner
                                              Chief United States Magistrate Judge