**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

March 25, 2019

MEMORANDUM TO MS. COURTNEY-POPE AND COUNSEL

Re:   *Courtney-Pope v. Board of Education of Carroll County*
      Civil Action No. ELH-16-4055

Dear Ms. Courtney-Pope & Counsel:

As you know, on December 21, 2016, plaintiff Lydia Courtney-Pope, who is self-represented, filed suit against the Board of Education of Carroll County (the "Board"), defendant. ECF 1 (the "Complaint"). The Complaint alleges unlawful discrimination on the basis of plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, and the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code (2014 Repl. Vol., 2018 Supp.), § 20–606 of the State Government Article.

The Board, through counsel, deposed plaintiff on July 18, 2018. *See* ECF 73-1 (Letter of December 13, 2018). It employed Veritext Legal Solutions ("Veritext") to transcribe the deposition. ECF 82-1 (Veritext Invoice). On August 3, 2018, the Board ordered a certified copy of the transcript, totaling $972.35. *Id.*

On December 12, 2018, in an email to defense counsel Lisa Y. Settles (ECF 82-3), plaintiff requested "a full copy of the deposition[.]" In a letter of December 13, 2018 (ECF 82-4; ECF 73-1), Settles denied the request and suggested that plaintiff "contact the court reporting service directly" to purchase a copy.

Thereafter, on January 16, 2019, plaintiff filed a "Motion to Require Defendant to Share." ECF 73 (the "Motion"). It is supported by three exhibits. ECF 73-1 – ECF 73-3. In the Motion, plaintiff asks the Court to order defendant to provide a full copy of her deposition transcript, because she "cannot afford to pay for the transcript, and this places her at a disadvantage." ECF 73, ¶ 12.

The Board opposes the Motion (ECF 82, "Opposition") and has submitted three exhibits. ECF 82-1 – ECF 82-3. In its Opposition, the Board contends that litigants are "responsible for bearing their own costs." ECF 82. In support, it relies on the "American Rule," which provides that "litigants, even the prevailing one, must bear their own attorney's fees." *American Rule*, BLACK'S LAW DICTIONARY (8th ed. 2004). ECF 82 at 2-3.

Plaintiff has replied. ECF 85 ("Reply"). As plaintiff points out in her Reply, the American Rule applies only to payment of legal fees, not litigation costs. ECF 85 at 3.

What Judge Chasanow said in *Young v. United Parcel Service, Incorporated*, DKC-08-2586, 2014 WL 858330, at *3 (D. Md. Mar. 4, 2014), is apt:

> There is no inherent injustice in [a] Defendant's decision not to share deposition transcripts with Plaintiff—to the contrary, it is the norm that both parties pay the costs associated with deposition transcripts they believe to be "reasonably necessary" to prove their case. *LaVay Corp.* [*v. Dominion Fed. Savings & Loan Ass'n*], 830 F.2d [522,] 528 [4th Cir. 1987]. Indeed, "[t]he general rule, established expressly by the Federal Rules of Civil Procedure, is that a party must obtain copies of deposition transcripts directly from the court reporter upon the payment of a reasonable charge, and not from opposing counsel or the court." *Schroer v. United States*, 250 F.R.D. 531, 537 (D. Colo. 2008).

Plaintiff has initiated this suit, and it would be reasonable for her to expect expenses associated with the litigation. It is not defendant's burden to subsidize plaintiff's litigation costs. And, plaintiff seems to overlook that the court reporting agency earns its income by producing and then selling deposition transcripts.

Therefore, I shall deny plaintiff's Motion (ECF 73). If plaintiff desires a copy of her deposition transcript, she must purchase it from Veritext. *See Young*, 2014 WL 858330, at *3.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

The Clerk is also directed to mail of a copy of this Memorandum to Ms. Courtney-Pope.

Very truly yours,

/s/
Ellen Lipton Hollander
United States District Judge