IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LYDIA COURTNEY-POPE,
    *Plaintiff*,

v.

BOARD OF EDUCATION OF
CARROLL COUNTY,
    *Defendant*.

Civil Action No. ELH-16-4055

**MEMORANDUM**

Several motions are pending in this case. This Memorandum only addresses plaintiff's Motion to Strike or File Under Seal Improper Documents (ECF 75, "Motion to Strike or Seal"), and plaintiff's Further Motion for Sanctions for Retaliation Against a Witness. ECF 76 ("Motion for Sanctions").[1]

No hearing is necessary to resolve these motions. Local Rule 105.6. For the reasons stated below, I shall deny both motions.

### I.    Plaintiff's Motion to Strike or Seal

On January 17, 2019, plaintiff filed the Motion to Strike or Seal, asking the court to strike or seal exhibits to defendant's motion to dismiss (ECF 6), and an exhibit to defendant's motion for summary judgment (ECF 64) (the "Exhibits"). Defendant has responded to the Motion to Strike or Seal. ECF 89. Plaintiff has replied (ECF 91), and she also filed a supplement to her reply. ECF 93.

---

[1] The Memorandum does not address the parties' cross motions for summary judgment. ECF 64; ECF 69.

The Exhibits consist of letters of reprimand written to plaintiff, and written complaints about plaintiff's job performance made by various students and students' parents. ECF 6-5; ECF 6-20; ECF 64-12. Plaintiff argues that the exhibits are irrelevant, that they violate the privacy of third parties, that they should not be in her employment file under the "Master Agreement" between the Board of Education of Carroll County and the Carroll County Education Association, and that they should be stricken because they were not offered at plaintiff's "6-202 hearing" before the County board.

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). *See, e.g.*, *Haley Paint Co. v. E.I. Du Pont De Nemours & Co.*, 279 F.R.D. 331, 335 (D. Md. 2012). In determining whether to grant a motion to strike, the court "enjoys wide discretion . . . in order 'to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial.'" *Id.* at 336 (citation omitted).

"Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citation and internal quotation marks omitted); *see also Renaissance Greeting Cards, Inc. v. Dollar Tree Stores*, 227 F. App'x 239, 247 (4th Cir. 2007). Therefore, "[w]hen reviewing a motion to strike, 'the court must view the pleading under attack in a light most favorable to the pleader.'" *Piontek v. Serv. Ctrs. Corp.*, PJM-10-1202, 2010 WL 4449419, at *8-9 (D. Md. Nov. 5, 2010) (citation omitted).

Contrary to plaintiff's claims, the Exhibits are relevant to the case. *See* F.R. Evid. 401. Plaintiff has not met her burden of showing that the Exhibits contain "redundant, immaterial, impertinent, or scandalous" material. Plaintiff's arguments concerning the "Master Agreement,"

2

and her "6-202 hearing," even if true, would not provide sufficient basis for this Court to strike the Exhibits.

Plaintiff's motion might also be construed as a Motion to Seal. The common law presumes the public and press have a qualified right to inspect all judicial records and documents. *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (citations omitted); *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open."). To be sure, "sensitive medical or personal identification information may be sealed." *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011); *see also Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (affirming the sealing of "confidential, proprietary, commercial, or financial data" produced under a protective order). But, the mere fact that records may be controversial, personal, or embarrassing does not alone justify sealing those records from public inspection. *See, e.g., Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

Plaintiff asserts the privacy interests of third parties as a reason to seal the Exhibits. However, in the Exhibits, defendant redacted the last names of any students referenced. The Exhibits do not contain any information that is so sensitive or otherwise personal as to require their sealing. Accordingly, plaintiff's Motion to Strike or Seal will be denied.

## II. Plaintiff's Motion for Sanctions

On January 17, 2019, plaintiff moved for sanctions, alleging that defendant has harassed and retaliated against one of plaintiff's witnesses. ECF 76. Defendant has responded. ECF 90. Plaintiff replied (ECF 95), and also filed a supplement to her reply. ECF 96.

Plaintiff requests sanctions on a variety of grounds. *See* ECF 76; ECF 95. Plaintiff also seeks to renew or supplement her previous motion for sanctions (ECF 26), which was denied by U.S. Magistrate Judge Beth Gesner on September 28, 2018. *See* ECF 57.

Under Local Rule 105.8(a), parties are warned not to file motions for sanctions as a matter of course. Upon review of the materials, I agree with Judge Gesner's conclusion in the denial of plaintiff's previous motion for sanctions that plaintiff "does not provide any evidence of actual retaliation by defendant." ECF 57 at 2. Contrary to plaintiff's understanding, that conclusion is not based upon whether the individuals she identified experienced any adverse employment action. Rather, her motion for sanctions will be denied because there is insufficient evidence that those employment actions were part of an effort to retaliate against those individuals due to their participation in this case. The Court does not wish to engage in mini-trials regarding the employment disputes of non-parties to this case.

### III.  Conclusion

For the foregoing reasons, I shall deny plaintiff's Motion to Strike or Seal (ECF 75), and I shall deny plaintiff's Motion for Sanctions (ECF 76).

An Order follows.

Date:  July 9, 2019                              /s/
                                                 Ellen L. Hollander
                                                 United States District Judge